UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN DOE,

Plaintiff,

v.

PETE HEGSETH, *Secretary of Defense*,

Defendant.

**MEMORANDUM & ORDER**
24-CV-6613 (HG)

**HECTOR GONZALEZ**, United States District Judge:

*Pro se* Plaintiff brings claims under 10 U.S.C. § 1553a, the Administrative Procedure Act, and the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments, alleging that the government has adopted a faulty interpretation of the implementing regulations for 10 U.S.C. § 1553a. *See* ECF No. 35 (Second Amended Complaint; "SAC").[1] Defendant moves to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 38 (Notice of Motion); ECF No. 38–1 (Motion to Dismiss; "Mot."). For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND[2]

### I. Factual Background

Plaintiff alleges that Secretary of Defense Pete Hegseth "inherited a faulty interpretation of" 10 U.S.C. § 1553a, which provides an additional level of review for service members

---

1 Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

2 The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

requesting an upgrade of the characterization of a military discharge or dismissal when earlier appeals under §§ 1552 and 1553 have been exhausted. *See* SAC at 5; Mot. at 8; *see also* 10 U.S.C. § 1553a. Per the implementing regulations, this additional layer of review is available only to service members who were discharged on or after December 20, 2019. *See* 32 C.F.R. § 73.5(a)(1). Plaintiff claims that this faulty interpretation has affected him and other service members who, like him, were discharged before December 20, 2019. *See* SAC at 5. Plaintiff requests that this Court "strike down 32 C.F.R. § 73.5(a)(1)," so that he and others like him can avail themselves of the final review process established by 10 U.S.C. § 1553a. *Id.* at 6.

Even though Plaintiff is proceeding anonymously, he provided a link to a Board for Correction of Naval Records ("BCNR") document in a footnote in his Opposition that shows that he enlisted in the Navy in 2014. *See* ECF No. 42 ("Opp.") at 12, n.14; *see also* ECF No. 43 ("Reply") at 6. The BCNR document, which Defendant appended to his Reply, also shows that Plaintiff was discharged because he was "diagnosed with urticarial, which at the time of [his] service, was considered disqualifying for active duty, and separation was recommended because the condition was not correctable to meet Navy standards." *See* Reply at 6, 16–18. Plaintiff served for only one month and five days and received an Uncharacterized, Entry Level Separation based on his medical condition. *See id.*

## II. Review Process

There are three entities involved in the records review process for service members who were separated from the Department of the Navy and are seeking an upgrade of the characterization of their military discharge or dismissal: (1) the Board for Correction of Naval Records (authorized under 10 U.S.C. § 1552), (2) the Naval Discharge Review Board (authorized under 10 U.S.C. § 1553), and (3) the Department of Defense's Discharge Appeal

Review Board (authorized under 10 U.S.C. § 1553a). Mot. at 10. Before seeking relief from the Department of Defense's Discharge Appeal Review Board ("DARB"), a service member must first exhaust his administrative remedies by seeking relief from both the BCNR *and* the Naval Discharge Review Board ("NDRB"). *See* 10 U.S.C. § 1553a(c)(1)(B) (requiring that "petitioner has exhausted all remedies available to the petitioner under sections 1552 and 1553 of this title"); *see also* 32 C.F.R. § 73.5(c) (implementing regulation requiring that petitioners first exhaust all available remedies before requesting a final review).

The implementing regulation, 32 C.F.R. § 73.5, outlines the application procedures for requesting a final DARB review of a discharge or dismissal characterization and lists the following eligibility criteria:

1. The service member's date of discharge or dismissal was on or after December 20, 2019;
2. The service member received a less than honorable characterization of service at the time of discharge or dismissal;
3. All remedies available have been exhausted at the respective Military Department's Discharge Review Board ("DRB") and Board for Correction of Military/Naval Records ("BCM/NR"); and
4. The request for an upgrade in the characterization of a discharge or dismissal was denied, or it was only partially granted at the respective Military Department's BCM/NR.

32 C.F.R. § 73.5(a)(1)–(4).

After exhausting their administrative remedies, petitioners must request a final DARB review within 365 days of receipt of the BCM/NR decision. 32 C.F.R. § 73.5(c)(2). "The DARB may deny an untimely request." *Id.*

In his Opposition, Plaintiff states that he has sought an upgrade of his military discharge from the BCNR and his requests "ha[ve] been denied 4 times under 10 U.S.C. § 1552." Opp. at 11 (emphasis in original). He also explains that he initially "skipped the 1553 route" but in order to "satisfy defense's appetite, [P]laintiff did submit the Form DD-293 in late May 2026 to begin the DRB process" under § 1553. *Id.* at 13–14. Plaintiff's application under § 1553 is still pending. *Id.*

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(1)

When a party moves to dismiss under Rule 12(b)(1) and on other grounds, courts "consider the Rule 12(b)(1) challenge first" because if a court finds that it lacks subject matter jurisdiction, then the defendant's other "defenses and objections become moot and do not need to be determined." *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019). Generally, "[a] district court properly dismisses an action under [Rule] 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.à.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015). When evaluating a Rule 12(b)(1) motion, a "district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343

F.3d 619, 623 (2d Cir. 2003). Rather, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists." *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 15 (2d Cir. 2023). To resolve a jurisdictional issue, the court may refer to "affidavits and other materials beyond the pleadings." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

**II. Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of [p]laintiff'[s] claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

The Court addresses Defendant's Rule 12(b)(1) arguments before addressing his arguments under Rule 12(b)(6) because it must "consider the Rule 12(b)(1) challenge first." *See Daly*, 939 F.3d at 426.

**I. Rule 12(b)(1) Arguments**

Defendant argues that the Second Amended Complaint should be dismissed in its entirety because, *inter alia*, Plaintiff failed to exhaust his administrative remedies. *See* Reply at 7–8. The Court agrees.

A federal district court may dismiss a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if it "lacks the statutory or constitutional power to adjudicate it." *See Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020). As previously stated, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists." *De Nevares*, 74 F.4th at 15. As a threshold matter, the Court must determine whether Plaintiff's claims are sufficiently ripe to establish a case or controversy. *See TLM Suffolk Enters., Inc. v. Town of Brookhaven*, No. 20-cv-2548, 2023 WL 6292530, at *9 (E.D.N.Y. Sep. 27, 2023). "Ripeness refers to whether the harm for which a remedy is sought has matured sufficiently to warrant judicial intervention." *Port Wash. Tchrs.' Ass'n v. Bd. of Educ. of Port Wash. Union Free Sch. Dist.*, No. 04-cv-1357, 2006 WL 47447, at *3 (E.D.N.Y. Jan. 4, 2006), *aff'd in part*, 478 F.3d 494 (2d Cir. 2007). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

The Court finds that the issues raised in this case are not suited for judicial resolution at this stage. In his Opposition, Plaintiff concedes that he has not exhausted his administrative remedies. *See* Opp. at 14–15. He states that he submitted "Form DD-293 in late May 2026 to begin the DRB process" to exhaust his administrative remedies under § 1553. *Id.* at 14. He further states that he received an initial response informing him that "[t]he DRB processes approximately 2,500 discharge review applications annually. As such, it can take up to 12

months to complete the Documentary Review for each case. Cases involving personal appearances may take 20 months to schedule a hearing." *Id.* He adds that "if it does take up to 12+20 months, plaintiff will soon exhaust this option." *Id.*

It is clear that Plaintiff's NDRB application is still pending and that he has not exhausted his administrative remedies as required under 10 U.S.C. § 1553a and its implementing regulations. *See* 32 C.F.R. § 73.5(a)(3). This case is therefore not ripe for consideration, and the Court lacks subject matter jurisdiction over Plaintiff's claims. *See Hill v. United States*, No. 14-cv-520, 2019 WL 5694016, at *5 (E.D.N.Y. Aug. 6, 2019) (the court lacks subject matter jurisdiction over plaintiff's claims because she did not exhaust her administrative remedies).

Given that this case must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the Court need not address Defendant's arguments under Rule 12(b)(6).

**II. Leave to Amend**

Although Plaintiff does not request leave to amend, for the avoidance of doubt, Plaintiff is denied such leave. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request that was not made."). In any event, the Court would decline to grant leave because, having reviewed the Second Amended Complaint, the Opposition, and the papers incorporated by reference in those submissions, the Court finds that further amendment would not change the result. *See id.* (finding district court did not err in dismissing claim with prejudice in the absence of any indication that plaintiff could or would amend such that amendment would lead to a different result); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (Where "plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.").

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED. Plaintiff's Second Amended Complaint is DISMISSED, without prejudice, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The Clerk of Court is respectfully directed to issue judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
November 23, 2026